
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5060 PSG (SSx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Naomi Trower et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

|  | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (In Chambers) Remand Order**

On January 25, 2010, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed an unlawful detainer action against "Naomi Trower and all tenants in possession" of the real property located at 19854 Pandy Court, Santa Clarita, California 91351. On July 9, 2010, Defendant Freddy Williams, acting *pro se*, removed the action to this Court.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Col.*, 443 F.3d 676, 679-80 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Court has reviewed Defendant's notice of removal and the underlying complaint, and finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5060 PSG (SSx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Naomi Trower et al. | | |

to consider *sua sponte* whether it has subject matter jurisdiction). For jurisdiction to exist under 28 U.S.C. § 1331, the well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Here, the complaint only asserts a claim for unlawful detainer—a cause of action that is purely a matter of state law. Thus, from the face of the complaint, no basis for federal question jurisdiction exists under 28 U.S.C. § 1331. Accordingly, the Court REMANDS the case.

**IT IS SO ORDERED.**